NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY HUBBARD,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>SOLA REAL ESTATE FUND I, LLC, a<br>Delaware Limited Liability Company,<br><br>    Defendant-Appellant,<br><br> and<br><br>DOES, 1-10,<br><br>    Defendant. | No. 22-55562<br><br>D.C. No.<br>2:20-cv-06964-MWF-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 10, 2023
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

SoLa Real Estate Fund I, LLC (SoLa) appeals the district court's grant of

summary judgment to Terry Hubbard in a lawsuit brought under the Americans

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Duarte v. City of Stockton*, 60 F.4th 566, 570 (9th Cir. 2023). We affirm.

The district court correctly held that SoLa's remediation efforts at Navarro's Market were insufficient to moot Hubbard's ADA claim as to the paths of travel barrier. SoLa states, and Hubbard does not contest, that Navarro's Market had remediated the paths of travel to be 36" or wider. For SoLa's voluntary cessation to moot Hubbard's claim, however, SoLa "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

SoLa has not met its burden. SoLa's remediation did not involve permanent architectural changes. Navarro's Market could slip into noncompliance with the ADA simply by, as it has done in the past, leaving boxes extending past the shelf length, stacking merchandise on the floor, or setting up displays in a way that narrows the store's aisles. *Cf. Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1262, 1267 (9th Cir. 2015) (installing a new, ADA-compliant paper towel dispenser mooted a plaintiff's ADA claim). SoLa's twice-weekly verification policy could be changed or rescinded at any time and at best provides supervision only at two points of time during the week. SoLa, moreover, provides no

2

explanation of how noncompliance will be addressed or how future employees will be trained to conduct verifications.

Hubbard's ADA claim is not moot as to the paths of travel barrier and SoLa makes no other argument as to why Hubbard is not entitled to summary judgment.[1] Because the facts underlying SoLa's remediation efforts are not in dispute, there is no genuine dispute of material fact precluding summary judgment.

**AFFIRMED.**

---

[1] Although, at oral argument, SoLa's counsel appeared to challenge Hubbard's standing, counsel also conceded that SoLa's argument on appeal is based on events that occurred after Hubbard filed his complaint. *See West Virginia v. Env't Prot. Agency*, 142 S. Ct. 2587, 2607 (2022) ("It is the doctrine of *mootness*, not standing, that addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." (cleaned up)). Nor has any dispute of material fact as to Hubbard's standing been raised.